of America et al. Mr. Loumiet for the appellant, Mr. Frank for the appellee. Good morning. I'm Carlos Loumiet. I'm the appellant on this case and I'm appearing on my own behalf. Obviously, in the limited time we have, I'm not going to be able to address all of the arguments,  raised in the brief, so I hope it's understood that they're not being waived as a result. But I'd like to focus first on the statute of limitations claims, which were the basis, or the issue, which were the basis for the dismissal by the lower court of the Bivens claims. And in this country, at least in the context of non-contractual claims, the norm is that a cause of action accrues for statute of limitation purposes when the wrongful behavior involved has been completed. And this court, in fact, in Page v. United States, in footnote 23, said that it was a well-settled principle that a cause of action accrues once the wrongful injury is completed. So the threshold issue is, what was the wrongful behavior or injury that gave rise to my Bivens claims in this case? Now, appellees and the lower court want to apply the rule that applies when the wrongdoing consists of initiation of a wrongful action, when a claim is based on initiation. But that's not my situation. I did not bring this action based on initiation of the retaliatory litigation against me. I brought it based on initiation and prosecution of that case as detailed at length in the complaint. And that prosecution, that wrongful behavior taken as a whole, did not end until July 27, 2009, when the Comptroller ruled in my favor. Therefore, it's from that date that the statute of limitations should run. Now, appellees cite Matta v. Anderson, the Tenth Circuit case, but that case is consistent with what I just said, because, as is mentioned on Page 37 of my initial brief, the Matta Corp itself said it was dealing with claims based solely on initiation of a wrongful action. In my brief, I think I cite a lot of logical reasons why, in cases such as this, the statute of limitations should run once the underlying litigation has been concluded. I suppose, though, you accept the distinction between a cause of action for malicious prosecution and the cause of action you brought. Is that correct? Well, I'm not suing – well, are we speaking in terms of the statute of limitations, Your Honor? Okay, there is a rule in this country, obviously the rule is that a malicious prosecution case cannot be brought until the underlying action is concluded. I do think it's appropriate to analogize to that, but this is a different concept that I'm talking about. It's a more fundamental principle, which is your statute of limitations does not accrue until the wrongful behavior has concluded. Or you knew or should have known of all of the elements of your cause of action. Well, I think that that applies normally – it's almost like a tolling concept. It's a concept that if for some reason, when the wrongful behavior is concluded, you could not have known or did not know about all of the circumstances that would make your action logical, then you extend the date. But I don't think it preempts the rule, or the general principle remains, that the statute of limitations should run from when the wrongful behavior is concluded. But Mr. Lumiere, isn't it the case in some instances of retaliatory prosecution that the claim accrues as of the time of the initiation? And indeed, the person wants to bring the claim then, rather than have to go through the litigation and wait and suffer all that additional harm. They'd like to maybe even bring a preliminary injunction against that action based on its retaliatory nature. So, you're not really claiming that it hasn't accrued as of the initiation, but rather that it's continuing, or that the statute of limitations was told? What I'm saying, and I agree, Your Honor, that in some cases people would wish to be able to bring the action once the retaliatory litigation has commenced. And all the elements are typically there at that time, all the elements of the retaliatory choice of prosecutorial target, no? Certainly if you are suing for initiation of the case, but not if you are suing the people who prosecute the case against you. Not just for having initiated it, but also for the prosecution and the manner in which it was prosecuted. You can't possibly know that at the time that the retaliatory litigation is initiated. I would also suggest... You would have a complete clause of action at the time of the initiation, right? I would have if I had been suing for initiation only. So you're not suing for initiation, so we can throw that one out? No, Your Honor, I was, but I was also suing for prosecution. And at the time of the initiation, it was really impossible to know how this case would evolve, and... That, I think, is what you're putting at the beginning. Do you need to know how this case... Do you need to know how it comes out? This is not a malicious prosecution case. Do you need to know what the facility is? Well, I think so... You have all the elements at the time of the initiation. I think so because there are torts... There are wrongs that are committed during the prosecution of the case. As in my situation, for example... Are you claiming a separate wrong for each day of the litigation, or each act of litigation? No, no, sir. No, sir. I'm suggesting that the litigation as a whole should be viewed as one action given cause. If it is, then what element was lacking at the day of the initiation? May I give you an example, sir? You may give an answer to the question. Yes, sir. What element was lacking? Well, behavior that took place once the case had begun. For example... Did you have to have that to have cause for that? Well, to have a complete action, you do. And the perfect example was the press releases, the statements to the press that were made during the course of the litigation. I could not have known that at the time of the initiation of the action. So you can't have a complete picture of what's going to happen in this case if your action is based not just on initiation, but on the prosecution as well. And so how does that differ from your cause of action for malicious prosecution? You mean in terms of the statute of limitations, Your Honor? I think that it would make a lot of sense to apply, for reasons that I stated in my brief, the same rule that is applied in malicious prosecution or abusive process cases. Frankly, for that same reason that you really can't judge what has happened fully until the case is concluded. I'd like to go back to the issue that you raised, if I may, about initiation. It may be that I am bringing a case for initiation of the prosecution and trying to stop it, as you mentioned, through an injunction. When you can first bring a case should not necessarily determine when you can last bring a case. Right, and then you need either a tolling theory or a continuing violation theory, it would seem. And I think our questions are going to what your arguments might be under either or both of those headings. A tolling theory or a continuing violation theory. And I hear aspects, really, of both in your answers. I'm not sure that I'm saying either, to be honest. What I'm saying is that the same principle should apply here that normally applies to any non-contractual wrong under our common law. And that is that you wait until the wrongful action or the wrongful injury has been completed before the statute of limitations starts to run. You really are not claiming a tolling, are you? No, I'm not claiming a tolling. What would you call the tolling if this is a tolling? I'm not calling it a tolling, Your Honor. It has to be a continuing, doesn't it? It's a question of, under the law, when does the statute of limitations begin to run? I'm not suggesting that the statute of limitations began to run at the time the action was brought and was tolled. You're not claiming a tolling. No, I'm not. But you are claiming continuing, are you not? Well, I'm claiming that if you're suing somebody not just for initiation but for their behavior during the prosecution of a case, the statute of limitations should start to run when that case is completed. Because that's when you can see all of the behavior, assess it, and assess the damage that it has done. And, by the way, the Page court distinguishes this from continuing violations doctrine in the same footnote 23 that I mentioned. And turning to that doctrine, if I may, obviously I would like this court to, since it's here in the case, to know what to apply that doctrine. I think it applies in this situation. And I think even the lower court admitted that it fitted this situation. I know that the lower court found that I had waived that claim. But I think that was abuse of discretion under the circumstances of this case. You were dealing with a non-final order. You were at the motion to dismiss stage. It was federal rule of civil procedure 34B and not 59E that applied and that allows for the revision of cases. The action was going to continue anyway. The doctrine had been mentioned in our papers. Which doctrine are you talking about? The continuing violations doctrine, the second doctrine, sir. Mr. Lumiere, I see your time has gone, but I just wanted to ask you to tell us a little bit about the First and Fifth Amendment claim, what the exact nature of the merits of that claim is. Well, it was a retaliatory litigation case. I think it spelled out in great detail in the complaint how outrageous this case was. And, therefore, I think that the proper constitutional provisions that were offended were the First and the Fifth Amendment. Hartman v. Moore, I think, which, by the way, was issued only five months before this action was brought, I think establishes that those are the proper amendments that were violated by this retaliatory litigation. So it was in your complaint. Did you argue this in opposition to the motion to dismiss? I'm sorry? Did you argue your constitutional exception to the exception argument in opposing the motion to dismiss? You mean in the context of statute of limitations? No. In the context of the Federal Tort Claims Act. Well, the Federal Tort Claims Act was dismissed on the discretionary basis authority. It was not dismissed on statute of limitations grounds. I understand. And the question is whether or not the exception applies when the allegation is that the government has acted unconstitutionally. And my question is, did you spell out that argument for the district court in opposing the government's motion to dismiss your Federal Tort Claims Act? Your Honor, I think if you read the papers, the briefs, etc., yes, the answer is yes. We brought up all along the constitutional issues involved and how it is illogical to say that the government has a discretionary function or duty which involves violation of a known constitutional prohibited behavior. And as I mentioned, in this case, there was the added factor that the Supreme Court had held only five or six months before. Again, it had reaffirmed that retaliatory litigation did offend the Constitution. So, your argument to us is that the district court's rationale based on specificity is simply wrong as a matter of law. Well, I would... That's a question. Is that your argument? Yes. I would say yes, that's one argument. But also, this district court did not take into account at all that the behavior of the government was transgressing a Supreme Court decision. Well, I think you're kind of conflating your FTCA and your Bivens. Under Hartman, under many authorities, the violation of your constitutional right gives rise to a Bivens motion. But the question that we have with reference to the FTCA is whether the exception for discretionary conduct has an exception to it where the violation of the discretionary conduct is also a constitutional violation. And I think the answer is yes. I don't know how one can hold that a government official in the exercise of a discretionary function or duty is allowed to violate the Constitution and to ignore a Supreme Court decision. That reasoning would take out the exception to the FTCA. There's not going to be any action unless there's been an abuse of discretion. Now, the logic of it being a constitutional violation or a constitutional abuse as opposed to some other abuse doesn't make any difference or may not make any difference. If there's no abuse of discretion or no FTCA violation, then you don't need the exception for discretionary behavior. So why does it matter whether the abuse of discretion is of a constitutional nature or a statutory nature or just some other nature? You have to have a tort on which you can bring your claim. Exactly. Now we're to the exception. Yes, sir. We're trying to see if there's an exception to the exception. Well, I think that, again, I don't know how you can say that a government official has discretion to ignore the Constitution or— That brings us to the fact that the discretion has been abused, which gives us the tort. That gets you into the FTCA. But the circle we're on is that at that point the exception for discretionary conduct or discretionary duty takes it out of the FTCA. Now, you're saying it comes back in because there has been an unconstitutional abuse of discretion, but I don't know where you're getting that from. I'm not suing the government. I'm not suing the OCC or the government for violation of my constitutional rights. I'm suing the government for specific torts, traditional common law torts. Yes, but you can't succeed on that if it comes within the discretionary exception. Exactly. So then the question is what is permitted under the discretionary function or duty exception? That's what I'm trying to get you to talk about. I'm sorry. I'm not—I apologize. This is not something that I do ordinarily. What I'm trying to say— Counsel, you chose to do it. I understand, Your Honor. And what I'm trying to say is that I do not believe that the discretionary function or duty exception allows an official to—remains in effect, shall we say, if there has been a violation of a constitutional duty. Is there anything in Hartman & Moore that suggests that? Hartman & Moore, if you said, was that a living section. It was not an FPCA case, but if you— They brought both, just as you have, originally. But the language you're dealing with now is in—there were many versions of that case, if you're aware. It came and went and came and went. In any event, the language you're talking about there was not in the FPCA section. No, sir. The Hartman v. Moore case that I'm talking about, the decision, it did not deal with the FPCA. It was a business claim. However, if, for example, in my reply brief I point out that in Castro against the United States, the first appellate decision, they cite 10 or 12 cases for the proposition that the discretionary function or duty exception does not protect a government official when there is a violation of the Constitution involved. And were those arguments presented to the district court in opposing the government's motion to dismiss? Well, the argument that it could not be a discretionary function or duty if the government was violating the Constitution was presented. All right. Let us hear from the government, and maybe you can tell me where you made that argument, where I can find it in the joint appendix. Okay. Thank you. Maybe we could start with the FPCA since we're sort of focused on that right now, and just to cut to the chase here. My concern is that there is a circuit split on this question, and the cases that are cited so far by the parties don't address that. And the question is open in this jurisdiction. How do you suggest we proceed? I would suggest that the court proceed in the manner that the government has briefed this issue here in this court, where we made it clear that in order to be consistent with Berkowitz and Harlow and how cases are dealt with in the Bivens context, you have to apply the same kind of test in the FPCA context so you don't get different, you know. Well, they're two separate causes of action. Correct. And as I understood the citations in your brief, you're relying on the immunity defense, which is a matter that the district court did not reach because you prevailed on your other ground. That's correct, Your Honor. We are analogizing it to an immunity defense. All we're saying is I think the bottom line, if I could get the government's position, is that it's a very complicated question about whether or not an allegation of a constitutional violation takes discretionary function off the table. It is, but circuits have split, and it's an open question in this circuit. Yes. So is this a matter we should remand to the district court and let this be fleshed out so the district court can decide if the plaintiff has raised a viable constitutional exception to the exception? I think this court can address it as a matter of law, and I would like to just make sure I state that the government's position is that the courts are constrained in this area, but if plaintiff, in other words, plaintiff cannot merely willy-nilly make an allegation of a constitutional violation because if that's the test, then as Judge Stentell said, everyone would make that, and that would take place. Just let me just say you cannot ignore his complaint, and I'll defer to Judge Pillard. I'm sorry, Your Honor? You said willy-nilly. Well, I think that I didn't use that phrase without some thought. I think I would refer the court to his complaint, and his complaint, unfortunately, and this is part of the problem with this case, is really the whole thing is really just a rehash of the administrative proceeding and how it was wrong. I looked through it fairly carefully, and there are a couple of references. The most notable one is in paragraph 61 where it says that the agency was embarrassed and angered by his whistleblowing and then decided to retaliate against him, and I would argue that even under Twombly and Iqbal that that's not sufficient. I mean, it's a lengthy, lengthy complaint, and as I said, it mostly re-argues the merits of the administrative thing, but the point that I want to make clear is that we do agree that if a plaintiff can make out a clearly established constitution, not just throw something out, but can address and make out a clearly established constitutional violation, then under those circumstances, it might trump DF. We don't think that has happened here. It doesn't necessarily have to trump the FTCA to give you a remedy. A bibb insection is typically brought separately from an FPCA. Correct. If there's an actual constitutional violation, a bibb injection would line up with it. That's absolutely correct, Your Honor. And that would not mean that you would need to consider the question of the FTCA exception or the exemption. And that's why I'm saying that is sort of our bottom line position. That needs to be considered in the context of several other things. One, FDIC v. Meyer made it very clear that you cannot raise constitutional claims. Mr. Frank, he is not seeking to make a constitutional claim. He's made a tort claim under the Federal Tort Claims Act, and he's made a constitutional claim under Bibbins. And you know very well that the constitutional issue is coming into the Federal Tort Claims Act side of his case in the form of a question whether the discretionary function exception applies or not. And there is legion case law, much stronger than the decision in Pooler that he cites, and not anywhere cited or alluded to in the government's brief, holding that where there is an allegation of unconstitutional conduct by the government, here, retaliation and violation of the First and Fifth Amendments, the discretionary function exception does not apply. And you have suggested that the government's position to that is that it is where there is a clearly established right, or maybe I would suggest where there is a right with sufficient specificity, because that tracks more the concepts used in the Federal Tort Claims Act, that the constitutional allegations would, in fact, obviate the availability of the discretionary function exception. Is that your position? Yes, it is. Thank you. And I'm a bit surprised that the government was not more candid in its brief, given the experience that you've had with this issue and your awareness that this is a pro se litigant and that this is a circuit split. May I interrupt just to ask if I could get a review of the meeting on that? Yes. I got lost a little later. What is the government's position? Yes. The question you were just asked by Judge Pillard, would you state the government's position? The government's position, I think Her Honor put it quite well, is that where a plaintiff has alleged and shown a clearly established violation under Berkowitz of a constitutional right with the requisite specificity, that he may have made out a claim or an argument that DF is trumped. I would just like to point out that the discretionary function might be trumped, in spite of the fact, like I said, FDIC versus Meijer, in spite of the fact that, as Your Honor pointed out, the discretionary function in its language says that it applies whether or not the discretion be abused and also that Berkowitz in the discretionary function only talked about statutes and regulations and did not talk about the Constitution. I'm a little surprised to find that the government's position. In answer to Judge Pillard, the government takes pride in its duty to inform the court. We are familiar with the cases that are cited in Castro. That was an opinion, of course, that was overturned in Bank, but that doesn't affect the cases that were cited in that opinion. And indeed, since then, the Fifth Circuit has reiterated the position that the majority of circuits take. Has it not? And I think it's a sports authority case, 613 F3rd 559 at 569. The en banc court did not take a position on this issue and, in fact, said it wasn't presented in Castro. And then the Fifth Circuit later said, yeah, where there's an allegation of constitutional wrongdoing, the discretionary function doesn't apply. It's an open question there and throughout the courts because in Santos, the Fifth Circuit said that an Eighth Circuit allegation of violation of an Eighth Circuit was not sufficient. So it is an open question. The point I wanted to make as far as those cases is the government's view, and I think if the court will look, that the vast majority of those cases are stated in dicta, that language like Sutton in the Fifth Circuit and some of the other cases there. It's dicta. It is not holding. And I think the court will find that if it looks through that. This court has not addressed that, but I think has not held that. And, in fact, if I might point out that in Gray, which is an older case, in Gray the court stated, and I want to be careful what I say here, the Gray court, in that case, although it was a Bivens case, the court held that there was qualified immunity even if there was an allegation that there had been false and misleading evidence to the jury because that was not clearly established. And those are the exact claims. You're not claiming that qualified immunity is exactly coextensive with the discretionary duty. No, not exactly coextensive, but the test is similar. The test is similar whether it's clearly established. And the point being, Your Honor, that plaintiff has not presented any case law that says that the allegations, the violations that he's alleging in this case, that they were clearly established. Hartman does not do that. Is the government's position that retaliation based on what a litigant has said about the government, for example, that the government was discriminating based on ethnicity, that that kind of retaliation, that's not clearly established and or sufficiently specific under Berkovitz? Is that the government's position? Correct. That is the government's position. It's not sufficiently clear. That is correct. Under these circumstances, sure, there are a lot of cases that would hold that in a criminal prosecution. I mean, Hartman makes reference to those cases. What we are saying is not clearly established is A, for such an allegation in a civil administrative context, and B, in the context of this particular case. So there's just, Mr. Frank, so there's some ambiguity in your mind whether the law forbids the government from, I mean, this has not been proved. We're talking about allegations here. But there's some ambiguity in your mind whether the constitution forbids the government from retaliating against someone based on his allegations that the government was discriminating. No, Your Honor. There's no ambiguity. What I'm saying is that the Supreme Court said in Shanahan that in looking at the clearly established test, that you can't look at it from 50,000 feet in the air at a level of generality. You have to dig down. Anderson versus Clayton and the line of cases. You have to dig down. So the proposition that you can't retaliate, that's, of course, an accepted proposition. But under the facts of this case, and I would like to point out that the problem in this case, there's no evidence or suggestion, if you look through all of the opinions in this case, including the district court, the administrative law judge, the controller, that the government did anything improper. The problem here is, and in this court's EJ decision, the problem is the government failed in its proof on the third of three elements in this case. That's it. So is the government's position that the complaint does not adequately state a constitutional violation such that if it were proven, it would render the discretionary exception inapplicable in the federal tort claims act cause of action? That's correct, Your Honor. I would just like to make a brief comment about the accrual. I think the court understands that. Plaintiff tries to make a distinction between the initiation and the actual prosecution of it. Even if one accepts that, and I think one should not, but even if one accepts that, the actual prosecution of the case ended four or five years before plaintiff filed his suit. If you don't find that the notice of the claim accrued the cause of action, which we think it clearly does, then at the very latest, it's when the administrative law judge issued her opinion, and the prosecution was well over, and that was four years too late. It's a tough issue because I understand your view, and it's clear that the retaliatory prosecution claim seems to accrue at the beginning. At least that's my current thinking. When the case is initiated, that's when the claim accrues. But when you have these two parallel claims, a malicious prosecution where the element is that the prosecution has to be unsuccessful, and this parallel claim that maybe accrues at the beginning of the prosecution, do you really want someone to have to file the constitutional claim earlier when maybe it proves that he's culpable and he thinks, you know, maybe it wasn't so retaliatory after all, and you kind of want them both, you know, as a functional matter to, maybe they go away if you wait until the end of the litigation. So I mean, and I'm not sure doctrinally, you know, how to put that together, but I do think that the position that you're taking invites maybe some consequences that the government wouldn't be that comfortable with. Well, I understand what you're saying, and plaintiff, as he admits in his brief, he has about, I don't know, five, six pages, but what he calls policy arguments about why it shouldn't be this way, and he makes a persuasive case, and that would be up to Congress or someone to change the rules on the statute of limitations, and those are the kind of considerations that would go there, but the law is very clear, as I think all of the judges said, when a claim does accrue, when he knows of his injury and knows of its cause, and surely he did, and he admitted in his papers in the district court that he knew from day one that this suit was brought with retaliatory animus. And why is it not a continuing violation for the reasons that he has argued? Why is it not, you know, if it's ongoing? Well, firstly, as Your Honor is aware, the district court didn't reach sort of the merits of that because he waived it, so we didn't really get to fully brief it. The government didn't address it, but just to answer Your Honor's question, there's a difference, as Judge Stantelis pointed out, between FTCA, where the continuing tort doctrine has been adopted, and Bivens cases. As you know, Bivens are very special cases, and the court looks at special factors. The court is very careful not to expand the role of Bivens, so I think the court would be hesitant to bring that on board. At any event, it was not fully briefed, and we believe that the court— Can we send it back for further development, then? I don't think it's necessary because I think the law is quite clear that in not raising this in his initial motion to dismiss and raising it for the very first time in his motion for reconsideration— By this, you mean the question of continuing? I'm sorry? When you say not raising this, the this that you're talking about is the continuing doctrine? As it relates to a Bivens action, yes, sir. Because it was fully briefed by both sides as it relates to the FTCA claim? It was briefed, and if you read his brief, I mean, he makes it— I'm sorry? I have, and I think—I mean, it seems a little bit of formalism for the government to say that issue wasn't in the case. It's the same claim under two different theories of law. Can we not understand him to have raised that? Well, I guess under a theory of good enough for government work, maybe, but I think this court appreciates having arguments carefully spelled out. Is the argument really appreciably different, the continuing violation argument, as it would apply to Bivens as compared to how it would apply to the— I think it could. I mean, as I said, we didn't brief it, but the law is very clear. I mean, the district court judge was following the clear law that if an argument is not made in the motion to dismiss, then it's waived, and it is—I think, at least to me, it's very clear. He uses the words over and over again, continuing tort. The word continuing appears all throughout the discussion of the FTCA. It does not appear at all when he's talking about the Bivens. So, you know, do we want judges to have to—I think one court said it's not up to the judges to make people's arguments for them. Someone said that. All right. Thank you very much. You did not raise the Twombly argument against the Bivens claim in this litigation, did you? I'm sorry? You said that the Bivens claim wasn't specifically alleged, and you cited the Supreme Court's decision in Twombly. And I was just looking back through the file, and I didn't see you raising the Twombly argument before. You know, I'm not going to swear to it, but I recall from reading last night that in our motion to dismiss at pages 18 to 20, we did address this specificity issue, whether or not we actually cited— In a Berkovitz sense of specificity. Yeah. I wouldn't want to say for certain before the court. I mean, this case has a difficult procedural history because on the invasion of privacy claim, when the district court finally dismissed that on your motion for reconsideration, that was based on the failure to adequately plead. So, I mean, it was raised in that context, and the government had raised a number of various defenses that the district court never reached. Your Honor, I'm sorry. As I get older, my hearing is growing. Oh, sorry. All right. Well, we're supposed to have better acoustics. Sorry. I can recommend a good audio. Thank you. Let us—thank you very much. All right. Thank you, Your Honor. We'll give you a couple of minutes. Thank you very much, Your Honor. You wanted to know where the issue of violating the Constitution and discretionary function and duty is raised. It's raised at page 61 of tab 3, our opposition to motion to dismiss. Thank you. Now, my colleague said that this was not a clearly established wrongdoing. Justice Souter, in Hartman v. Moore, says, And that's at Roman numeral 2 of that decision. In terms of the administrative law judge's decision, under the OCC's rules, the decision isn't final until it's final. And, frankly, 13 months later, or 11, 12, 13 months later, when the comptroller finally issued the final decision, that was when there was really a final decision that ended that proceeding. If the comptroller had never issued a decision, would your case have never ripened? Well, I don't know how the comptroller would... You're now claiming that the case had not ripened until the comptroller had issued the decision. Therefore, the statute of limitations didn't begin. Would you say that if the comptroller, who sat on it for 13 months, had continued to sit on it, your case would never have ripened? I guess I would still be sitting in that administrative proceeding, Your Honor. So you would not be able to... No, I would still be waiting for a decision from the comptroller. And the last point I'd like to make is that I was sued under several banking statutes that required me to be an institution affiliated party. The administrative law judge, the comptroller, and this court have previously found that I was not. So, quite frankly, I don't know where the government got its authority to sue me because I was not an institution affiliated party. Thank you. Thank you. We'll take the case under advisement. Thank you very much.
judges: Rogers, Pillard, Sentelle